Argued January 19, affirmed March 12, petition for
Rehearing denied May 5, 1970. Petition for
review denied by Supreme Court
June 9, 1970

# STATE OF OREGON, *Respondent, v.*
# J. C. WHEELER, *Appellant.*

465 P2d 898

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief were George Van Hoomissen, District Attorney, and William L. Richardson, Deputy District Attorney, Portland.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

FORT, J.

Defendant was indicted on two counts for the crime

of taking away a child with intent to conceal and detain from its parents. ORS 163.640. Pursuant to waiver he was tried and convicted by the court on each count.

The sole error asserted is the denial by the court of the defendant's motion for acquittal.

The evidence showed that eight-year-old twin girls had been sent by their mother to a store located about two blocks from their home. En route, when about a block and a half from home, the defendant, who was sitting in his car parked by the curb, stopped the two little girls and induced them to get into his car, offering to take them home. One of the girls pointed her finger in the correct direction to her home.

The defendant drove off in the opposite direction with the two girls. An alert and responsible citizen, Mr. J. C. Foreman, an off-duty fireman, and his brother Jerry, observed the foregoing while washing a car in front of their parents' home across the street. Mr. Foreman knew the two little girls lived in that neighborhood a short distance away. The defendant shielded his face from them as he drove off with the girls. They then followed the defendant's car for a distance of about seven miles at speeds up to 65 miles per hour, until he parked on a secluded part of a graveled road in a wooded area. He had picked up the girls at Third and Cleveland Streets in Portland. They lived on Fourth Street, a half block from Cleveland. When he stopped and parked he was east of 242nd Street a short distance off Division Street not far from its intersection with Troutdale Road.

The Foremans, after stopping their car out of sight of the defendant, immediately approached the

defendant's car. The defendant and the two girls were in the front seat. At that time Wheeler told the Foremans that he "got lost in the construction." In fact there was no construction along any of the route over which the defendant had traveled. He also stated that he knew the girls' mother. The girls started to cry and stated they did not know the defendant.

The Foremans told the defendant to drive the girls directly to their home. He did so without difficulty, with the Foreman car following him all the way.

Upon arrival, the girls rushed into the house to their mother crying, and one said, "Some man picked us up. We got in a car with a man and he took us some place." In fact the mother did not know the defendant. He acknowledged later that this earlier statement to the Foremans was false. In fact he was a complete stranger to the entire family.

The statute makes it unlawful for any person "maliciously, forcibly or fraudulently" to take or entice away a child under 16 years "with intent to detain and conceal such child from its parent." ORS 163.640.

In *State v. Metcalf,* 129 Or 577, 278 P 974 (1929), the court said:

> "If taking a child from its parents and concealing it under the most sordid conditions would not have a tendency to vex, injure or annoy its parents, we know of nothing which would have that effect. Such an act is clearly within our Code definition of malice, which is:
>
> " 'The terms "malice" and "maliciously" when so employed, import a wish to vex, annoy or injure another person, established either by proof or presumption of law.' Section 2396, Or. L." 129 Or at 596.

We think the evidence overwhelmingly established that the defendant did maliciously detain and conceal each of these little girls from her parents.

The motion was correctly denied.

The judgment is affirmed.